UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CRISSY SEMPRIE,

                             Plaintiff,

                                                                              DECISION AND ORDER

                                                                              09-CV-6666L

                             v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                             Defendant.
_____

       Plaintiff appeals from a denial of supplemental security income benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

       On March 23, 2006, plaintiff, then thirty-nine years old, filed an application for supplemental security income benefits under Title II of the Social Security Act. Plaintiff alleged an inability to work beginning days earlier, March 10, 2006, due to a seizure disorder and pain from a past ankle injury. (T. 52). Her application was initially denied. (T. 16). Plaintiff requested a hearing, which was held on May 12, 2008 before Administrative Law Judge ("ALJ") John M. Lischak. (T. 16). The ALJ issued a decision on September 30, 2008, concluding that plaintiff was not disabled under the Social Security Act. (T. 16-32). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 30, 2009. (T. 4-6). Plaintiff now appeals. The plaintiff filed a memorandum in support of her appeal (Dkt. #4), and the Commissioner has moved for summary judgment dismissing the complaint. (Dkt. #6).

DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires an ALJ to follow a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). Familiarity with that evaluation process and the applicable standards is presumed.

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) *quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

ALJ Lischak issued a thorough decision analyzing plaintiff's claim of disability, and supported his determination with detailed findings of fact. Upon a complete review of the record, I believe that the ALJ applied the correct legal standards, and that his finding that plaintiff is not totally disabled is supported by substantial evidence.

The ALJ detailed the relevant medical evidence, with special focus on plaintiff's seizure disorder, ankle pain, and previous drug and alcohol abuse, which he determined constituted a severe impairment not meeting or equaling a listed impairment. I believe the evidence supports

the ALJ's conclusion that plaintiff, then a forty-one-year-old woman with a limited (tenth-grade) education and past employment as a paper inserter and hotel housekeeper, was not totally disabled, due to the ALJ's finding at step five that several positions existed in the economy that plaintiff could perform, including charge account clerk, food and beverage order clerk, and small lock assembler.  (T. 32).

In determining plaintiff's residual functional capacity ("RFC") to perform work, the ALJ considered, inter alia, plaintiff's treatment notes for her seizure disorder, right ankle pain, and prior drug and alcohol abuse.  He concluded that plaintiff retained the RFC capacity to perform less than the full range of sedentary work.  She could carry ten pounds occasionally and lesser weight frequently, stand or walk 2 hours in an 8-hour day and sit for 6 hours in an 8-hour day, alternating position every hour, and had at least moderate limitations in her ability to climb, balance, stoop, crouch, kneel, crawl, reach, handle, feel, engage in fine manipulation, push and pull, work at heights, move machinery, or be exposed to environmental extremes.  The ALJ found that plaintiff could not perform complex tasks, work at unprotected heights, use ladders, ropes or scaffolds.  He noted that plaintiff could, however perform simple repetitive tasks.  (T. 19).

This RFC is consistent with substantial medical evidence of record and the vast majority of the reports of plaintiff's treating and examining physicians.  The record contains only two reports that suggest a finding of disability, and I find that the ALJ's rejection of those reports was appropriate.

The first, an examination record from examining physician Look Persaud, M.D. (T 141-145), notes marked restrictions on plaintiff's ability to work around open water, fire, machinery and heights – however, the restrictions relate to plaintiff's seizure disorder, which was untreated, and for which plaintiff refused treatment, at the time she was examined by Dr. Persaud.  In any event, even if these restrictions should have been incorporated by the ALJ into his RFC finding, there is no dispute that some or all of the positions identified by the vocational expert as

possibilities for plaintiff are consistent with the more marked limitations identified by Dr. Persaud.

A second report, by treating physician Joseph Haluska, D.O., opines in conclusory fashion that plaintiff is incapable of working due to poor control over her seizure disorder. However, this report form, much of which was left blank, provides no details explaining how plaintiff's seizures prevent her from working, and is unsubstantiated by any diagnostic testing or other objective evidence. To the extent that specific exertional limitations are identified, they are largely consistent with plaintiff's RFC as determined by the ALJ (T. 162-167). *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (an ALJ is required to afford controlling weight to the opinions of treating physicians, only insofar as those opinions are: (1) well-supported by medically acceptable clinical and laboratory diagnostic evidence; and (2) not inconsistent with other substantial evidence in the record). I therefore find that the ALJ appropriately declined to grant to Persaud and Haluska reports controlling weight, and that his determination is supported by the substantial evidence.

Plaintiff also alleges that the ALJ should have further developed the record in order to demonstrate that plaintiff was *not* mentally retarded, because plaintiff's treating neurologist, although refusing to submit an RFC report, listed "mild mental retardation" on a single treatment note. However, plaintiff offers no evidence that she has ever been formally diagnosed with (or treated for) any mental deficiency or disorder, or that her ability to work is in any way limited thereby. None of the RFC reports she submits identify any mental or neurological functional limitations. Although an ALJ has an obligation to examine, and if necessary, further develop the record with respect to a claimant's known diagnoses and limitations, he is not required to support reasonable pre-suppositions of the *absence* of a particular impairment, where there is no diagnostic evidence in the record that such an impairment does exist. The initial burden to demonstrate the existence of one or more disabling conditions remains with the claimant. *See*

*Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008); *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009).

I concur with the ALJ that the plaintiff's medical records and treating and examining physician reports simply do not support her claim of total disability. I find that there is substantial evidence to support his determination that plaintiff retained the residual functional capacity to perform a limited range of light work, with multiple exertional, positional and environmental limitations. (T. 19-20). There is no dispute that positions identified by vocational expert Victor Alberigi, at the plaintiff's hearing – including charge account clerk and small lock assembler, are consistent with this RFC, as well as with plaintiff's age, educational background and past work experience. As such, I find no reason to modify the ALJ's decision.

CONCLUSION

The Commissioner's motion for summary judgment (Dkt. #6) is granted. The Commissioner's decision that plaintiff, Chrissy Semprie, was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 31, 2011.